# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**RODNEY ANDREWS, #066454**                                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:05cv403HTW-JCS**

**HINDS COUNTY DETENTION CENTER**                                                         **DEFENDANT**

<u>OPINION AND ORDER</u>

Upon further consideration of the complaint and the records in this action, the Court finds that an order was entered on July 28, 2005, requiring plaintiff to amend his complaint as directed therein, within twenty days. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit. On August 11, 2005, the plaintiff filed an amended complaint asserting new claims but failed to comply with the Court's order of July 28, 2005.

On September 23, 2005, the plaintiff was ordered to file a written response no later than October 17, 2005, to show cause as to why this case should not be dismissed for his failure to comply with its order of July 28, 2005. In addition, the plaintiff was directed to comply with the order of July 28, 2005, by filing an amended complaint no later than October 17, 2005. The plaintiff was warned in this Court's order of September 23, 2005, that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint without further written notice to the plaintiff. A copy of the order was mailed to the plaintiff at his last known address. The plaintiff has not complied with that order.

It is apparent from the plaintiff's failure to comply with two Court orders or to otherwise communicate with this Court that he lacks interest in pursuing this claim. This Court has the

authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962);  McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 25th day of January , 2006.

                                      s/ HENRY T. WINGATE

                                      CHIEF UNITED STATES DISTRICT JUDGE